NORTH AMERICAN LOAN & TRUST CO. v. COLONIAL & U. S. MORTG. CO., Limited.

(Circuit Court, D. South Dakota. October 20, 1896.)

1. PROCEEDINGS BEFORE REFEREE—REVIEW.
   To obtain a review of the evidence and proceedings, exceptions taken to any order or ruling made by the referee should be embodied in a bill of exceptions signed by him.

2. SAME.
   An objection that the findings are against the weight of evidence cannot be considered unless the entire evidence is preserved by a bill of exceptions taken before the referee.

John L. Pyle and A. B. Melville, for plaintiff.
F. McNulty and L. B. French, for defendant.

RINER, District Judge. This case is before the court upon the motion of the plaintiff to confirm the report of the referee, and to enter judgment thereon, and upon exceptions filed by the defendant to the findings of fact and conclusions of law made by the referee. A trial before a referee is conducted in the same manner as a trial before the court. To obtain a review of the evidence and proceedings, exceptions taken to any order or ruling made by the referee should be embodied in a bill of exceptions signed by him. He is the proper party to sign a bill of exceptions, and not the judge making the order of reference. It is well settled that an objection or exception based upon the contention that the findings are against the weight of evidence cannot be considered by the court unless the entire evidence is preserved by a bill of exceptions taken before the referee. No bill of exceptions was taken before the referee in this case, and therefore the only question which can be considered by the court is, what judgment should be rendered upon the findings of fact made by the referee? The referee finds that at the time he made his report the plaintiff had in its possession the sum of $9,445.09, money belonging to the defendant. To this amount should be added the sum of $769.16, which the plaintiff, by its written stipulation filed herein, conceded was omitted from the referee's report because of clerical errors occurring therein; making a total of the defendant's money in the hands of the plaintiff, at the time the referee's report was filed, of $10,215.15. Of this amount $887.70, commissions upon what is designated in the referee's report as the "D & P Loans," it is entitled to retain, leaving a net balance of the defendant's money

in the hands of the plaintiff at the time the report was filed of $9,327.46. The exceptions to findings designated by the referee as findings of fact Nos. 45 and 73 will be sustained for the reason that the same are not findings of fact, but conclusions of law. Being unable to concur with the referee in the conclusions of law made by him, I am constrained to sustain the exceptions taken thereto, and to enter judgment upon the facts found by him in favor of the defendant for the sum last above named.